IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| JOSEPH M. BEARDEN d/b/a J & J TOMATO FARM, | § § § § § § § § § § § § § § |
| Plaintiff, | Case No. 1:12-cv-00700-GJQ |
| v. | DISTRICT JUDGE GORDON J. QUIST |
| GREAT LAKES PRODUCE AND MARKETING LLC and EDWIN A. KERLIKOWSKE, Individually, | MAGISTRATE JUDGE ELLEN S. CARMODY |
| Defendants. | |

**DEFENDANTS' AMENDED MOTION FOR CLARIFICATION PURSUANT TO FRCP 60(b)(6) AND TO REQUIRE PLAINTIFF TO FILE A SATISFACTION OF JUDGMENT UNDER RULE FRCP 60(b)(5)**

**NOW COME**, Defendant Great Lakes Produce and Marketing, LLC and Individual Defendant Edwin A. Kerlikowske (collectively referred to as "Great Lakes") and request this Honorable Court clarify its prior ruling [D.E. # 39] as to the full application of interest on attorney's fees awarded to Plaintiff Joseph M. Bearden d/b/a J & J Tomato Farm ("J&J"). Additionally, Great Lakes requests the Court require J&J to file a satisfaction of judgment in this matter. In support of the present Motion, Great Lakes states as follows:

INTRODUCTION

This Court found, in its October 23, 2013 Order, that interest on awarded attorney's fees was to be paid from to the Plaintiff from May 28, 2013. The interest was to be calculated using the formula prescribed in 28 U.S.C. §1961. The Court ordered the parties to confer as to the calculations. The parties are unable to agree. Great Lakes, having already paid the full amount of attorney's fees awarded in this case, has attempted to tender payment of the interest due

1

pursuant to the Court's October 23, 2013 Order. The Plaintiff has refused payment demanding pre-judgment interest on all awarded attorney's fees from July 1, 2012, the date of the Complaint. Pursuant to FRCP 60(b)(6), Great Lakes requests the Court clarify its prior order and determine the full interest due on attorney's fees in this matter. Further, Great Lakes requests the Court order that the tender of such amount requires the Plaintiff to file a satisfaction of judgment.

## TIMELINE

1. On May 28, 2013, this Court held that J&J was entitled to reasonable attorney's fees, and ordered J&J to submit additional evidence in support of its request for attorney's fees. [D.E. #24]

2. On July 29, 2013, the Court issued an order granting J&J attorney's fees in the amount of $24,284.52. [D.E. #34]

3. On October 23, 2013, the Court instructed the parties to determine the amount of interest due on attorney's fees in accordance with 28 U.S.C. § 1961 and the Sixth Circuit's decision in *Drabik*, 250 F.3d 482(6th Cir. 2001), using the May 28, 2013 judgment to calculate the interest due. [D.E. #39]

4. On October 24, 2013, pursuant to the Court's Order, Great Lakes attempted to pay the interest due on the attorney's fees awarded in this manner. Great Lakes calculated the interest amount using the Department of Treasury website at: http://www.treasury.gov/resource-center/data-chart-center/interest-rates/Pages/TextView.aspx?data=yieldYear&year=2013 to determine "the weekly average 1-year constant maturity Treasury yield…for the calendar week preceding []" the judgment, May 20-24, 2013. These calculations determined the amount of *per diem* interest to be .08¢ *per diem*. The amount of interest due was then calculated from the date

of the Order awarding attorney's fees, May 28, 2013. Great Lakes offered to tender such amount ($12.20). (Exhibit A)  Counsel for J&J requested that check not be tendered.  (Exhibit B)

5.  On October 29, 2013, J&J rejected Great Lakes' calculation and demanded $3,590.90 in pre and post judgment interest on attorney's fees in this matter.  In their response, J&J requested interest on all attorney's fees be calculated from the date of filing, July 1, 2012. (Exhibit C)

ARGUMENT

Pursuant to Fed. R. Civ. P. 60(b)(6), Great Lakes requests the Court clarify its prior Order [D.E. #39] as to the full amount of interest due by Great Lakes to J&J on the Court awarded attorney's fees.  "Any post-judgment motion that asks for relief other than correction of a purely clerical error and which is filed more than ten days after entry of judgment is treated as a Rule 60(b) motion." *Vaughn v. Laurel County Jail*, 1996 U.S. App. LEXIS 14497, at 3 (6th Cir, 1996).  "While the key purpose of Rule 60 is to allow the district court to relieve the parties from the mandate of a judgment previously rendered . . . the Rule is also utilized to provide the parties with a clarification of the court's previously rendered decision." *Green Goblin, Inc. v. Simons* (In re Green Goblin Inc.), 2013 Bankr. LEXIS 574 n. 6, 2013 WL 588212 (Bankr. E.D. Pa. Feb. 13, 2013) *citing In re FleetBoston Fin'l Corp. Securities Litigation*, 2007 U.S. Dist. LEXIS 87425, 2007 WL 4225832, *18 (D.N.J. Nov. 28, 2007).

In its prior Order, this Court found that interest should be calculated from May 28, 2013 at the 28 U.S.C. 1961 rate.  Defendant has followed the Court's Order and Plaintiff refused a tender of payment and insists on prejudgment interest at the prejudgment rate.  Therefore the Defendant requests clarification on the issue of interest on attorney's fees.

3

There is no legal basis for awarding J&J prejudgment interest on all awarded attorney's fees from the date of filing the Complaint.  Courts generally refuse to award prejudgment interest on attorney's fees even in the case of contractual fees.  The Supreme Court has held an upward adjustment of awarded fees by adding prejudgment interest to the awarded fees is reserved only for the most "rare" and "exceptional" circumstances, not found in the case at bar.  Further, awarding such interest in this case would result in an award of greater than reasonable attorney's fees.  Additionally, the Fifth Circuit and Courts in the First Circuit have found specifically the only date from which interest on attorney's fees can accrue is the date of the judgment on attorney's fees.

Prejudgment Interest on Attorney's Fees is "Not the Norm."

"(P)rejudgment interest on attorney's fees is not the norm." *Koon Chun Hing Kee Soy & Sauce Factory, Ltd. v. Kun Fung USA Trading Co*, 2012 U.S. Dist. LEXIS 68117 at 19, 2012 WL 1414872, at 10 (E.D.N.Y., 2012).  It is a sanction reserved only for rare and exceptional cases involving issues of delay, fraud or the lengthy litigation process of a civil rights case in which the public service attorney has not received payment during the course of the litigation. *See, Perdue v. Kenny A*., 559 U.S. 542, 552 (2010) and *Data Gen. Corp. v. Grumman Sys. Support Corp.*, 825 F. Supp. 361, 368 (D. Mass., 1993) citing *Missouri v. Jenkins*, 491 U.S. 274, 283 (1989).

In the case at bar, which is not a civil rights case but a contractual dispute, there has been no delay, fraud or lengthy litigation process to warrant such a sanction against Great Lakes.  The Complaint was filed on July 1, 2012, by October 1, 2012 the parties had settled the case as to all issues but attorney's fees and the agreed amount of damages had been paid.  The Court awarded attorney's fees on May 28, 2013 and determined the exact amount of those fees on July 29, 2013.

4

The full amount of those fees was paid in September 2013.  On October 23, 2013 the Court ordered that interest was due on the fees from May 28, 2013.

<u>Courts Generally Refuse to Award Prejudgment Interest on Attorney's Fees</u>.

This case awards contractual attorney's fees under a single invoice for the sale of produce between the parties.  "(C)ourts generally refuse to award prejudgment interest on attorney's fees, even when the attorney's fees are themselves specified contractually, except when specifically provided for."  *Fendi Adele S.R.L. v. Burlington Coat Factory Warehouse Corp.*, 867 F. Supp. 2d 427, 436 (S.D.N.Y., 2012).  Pre-judgment interest on attorney's fees is not contractually provided for in this case. [D.E. #1] Exhibit A.

<u>Reasonableness of Attorney's Fees</u>.

"The primary concern in an attorney fee case is that the fee awarded be reasonable." *Blum v. Stenson*, 465 U.S. 886, 893 (1984).  In this case, the Court has already determined a reasonable rate for attorney's fees.  After applying the *Lodestar* test the Attorney's Fee Request submitted by J&J, the Court actually reduced the requested fees to a reasonable amount. [D.E. #34]  Adding nearly $4,000 in interest to the amount already determined reasonable by the Court does not pass the *Lodestar* analysis.

<u>Date from Which Interest Can Accrue</u>.

J&J has demanded interest on attorney's fees from the date the original complaint was filed; the law does not support this demand.  "(A)ttorney's fees 'represent a conditional award or prerogative which does not mature until the underlying action or proceeding has been determined' prejudgment interest on attorney's fees accrues from 'the date the court determine[s] that plaintiff had prevailed on its claim and was therefore entitled to an award of attorneys' fees.'" *Simmons v. N. Y. City Transit Auth*., 2008 U.S. Dist. LEXIS 59086, Footnote 1

5

(E.D.N.Y., 2008). The Fifth Circuit has also come to this same conclusion finding "…interest will accrue only from the date the court recognizes the right to such fees in a judgment." *Copper Liquor, Inc. v. Adolph Coors Co.*, 701 F.2d 542, 545 (5th Cir., Tex. 1983) In this case, pursuant to the Court's Order, all interest should be calculated at the rate established in 28 U.S.C. § 1961 and from the date of the judgment, May 28, 2013. As of the date of this filing the Court Ordered interest due totals $16.48.

      Satisfaction of Judgment.

Rule 60(b)(5) is a defendant's remedy when the holder of the judgment refuses to acknowledge that it has been satisfied or to file a satisfaction of judgment. *Kleven v. Mrozinski* (In re Mrozinski), 489 B.R. 818, 821 (Bankr. N.D. Ind. 2013). It is within the Court's discretion to order the Plaintiff to file a Satisfaction of Judgment when the Plaintiff refuses to file a Satisfaction of Judgment once all conditions of the judgment have been met. *See Discovery Ortho Partners, LLC v. Osseous Techs. of Am., Inc.*, 2012 U.S. Dist. LEXIS 176872, 2012 WL 6201204 (S.D.N.Y. Dec. 11, 2012) Plaintiff should be ordered to file a Satisfaction of Judgment within 7 days of receiving the Court determined amount of all interest due in this case.

WHEREAS, Great Lakes requests this Honorable Court clarify its previous order regarding interest on attorney's fees, by not allowing prejudgment interest on attorney's fees in this matter, and determine the exact *per diem* amount of interest due by Great Lakes to J&J is .08¢ due from May 28, 2013.

DATED: December 23, 2013.

                              Respectfully submitted,

                              STOKES LAW OFFICE LLP

                              s/ Craig A. Stokes_____
                              Craig A. Stokes

                                              3330 Oakwell Court, Suite 225
                                              San Antonio, TX 78218
                                              Telephone (210) 804-0011
                                              cstokes@stokeslawoffice.com

                                              ATTORNEYS FOR DEFENDANTS

## **CERTIFICATE OF SERVICE**

       I hereby certify that on December 23, 2013, I electronically filed the foregoing instrument with the Clerk of the Court using the CM/ECF system which will automatically send email notification of such filing to the following attorneys of record:

    Ryan Michael Opria       *Via ECF*
    Lennon Miller O'Connor & Bartosiewicz, PLLC
    151 S Rose Street, Suite 900
    Kalamazoo, MI 49007

    Scott E. Hillison, Esq.       *Via ECF*
    Keaton Law Firm, P.C.
    707 Lake Cook Road, Suite 300
    Deerfield, IL 60015

                                              s/ Craig A. Stokes_____
                                              Craig A. Stokes